WESTERVELT et al. v. MARINO et al.

(Supreme Court, Appellate Division, First Department. March 25, 1898.)

1. ATTACHMENT—EXAMINATION OF THIRD PARTY.
 In an action in which an attachment had been issued, a third party, who was believed to have property of the defendant in his possession, delivered to the sheriff, upon the latter's application, a certificate stating that "we have no funds for account of" the defendant. *Held*, that this certificate failed to set forth the facts required to be shown by Code Civ. Proc. § 650, and that the plaintiff was entitled to an order for the third party's examination, under section 651.

2. SAME—PRODUCTION OF BOOKS AND PAPERS.
 When the justice has before him the person who is to be examined under section 651, Code Civ. Proc., he can compel him to produce such books and papers as are necessary for the examination; but, as the person is not a witness in the action, their production cannot be compelled by subpoena duces tecum, which applies to the case of a witness in an action or proceeding.

Appeal from special term.

Action by Otto W. P. Westervelt and Carl F. Braun, composing the firm of W. H. Westervelt & Co., against Francesco Marino and Giuseppe Marino, composing the firm of F. Marino & Co. From an order denying a motion to vacate an order for the examination of Giovanni Dominci, as having property of defendants, against whom a warrant of attachment had been issued, defendant garnishee appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Wm. Klingenstein, for appellant.
Alfred E. Hinrichs, for respondents.

INGRAHAM, J. An attachment having been issued in this action, it was served upon the appellant, who gave to the sheriff a certificate, in which he stated, "We beg to state that we have no funds for account of" the defendants. Upon an affidavit which tended to show that the appellant was in possession of certain property which had belonged to the defendants, consisting of packages of lemons which were to be sold by auctioneers, an order was issued requiring him to appear before one of the justices of this court and submit to an examination under oath concerning the property of the defendants, and

any debt or demand owing from him or his said firm to said defendants, sought to be affected by the attachment herein.  Upon such order being served, a subpœna duces tecum was also served upon the appellant, requiring him to produce at the time and place of the examination all of the books of account for two years last past, especially books of original entry; also, all contracts with, and letters and accounts from, the defendants, or either of them, which the appellant had in his custody.  The witness moved to vacate the order and this subpœna.

We think the court below correctly refused to vacate this order for the examination of the appellant.  By section 650 of the Code it is provided that, upon application of a sheriff, holding a warrant of attachment, a debtor of the defendant, or a person holding property belonging to the defendant, must furnish to the sheriff a certificate, under his hand, specifying the amount, nature, and description of the property held for the benefit of the defendant, or of the defendant's interest in property so held, or of the debt or demand owing to the defendant as the case requires.  By section 651 of the Code it is provided that, if a person to whom application is made as prescribed in the last section refuses to give such a certificate, or if it is made to appear by affidavit, to the satisfaction of the court, or of a judge thereof, that there is reason to suspect that a certificate given by him is untrue, or that it fails fully to set forth the facts required to be shown thereby. the court or judge may make an order directing him to attend at a specified time, and at a place within the county to which the warrant is issued, and submit to an examination under oath, concerning the same.  The appellant was thus required to give a certificate, specifying the amount, nature, and description of the property held for the benefit of the defendants, or of the defendants' interest in property so held, or of the debt or demand owing to the defendants, as the case required.  In answer to a demand for such a certificate, he simply gave a certificate that he had no funds for account of the defendants. This certificate fails to set forth the facts required to be shown by the section of the Code cited, and the plaintiffs were entitled to an order for his examination under section 651, before cited.

The order also denied the motion to vacate the subpœna as unauthorized.  By section 852 of the Code it is provided that a subpœna issued out of the court to compel the attendance of a witness, and, where the subpœna so requires, to compel him to bring with him a book or paper, must be served as required by the section.  By section 854 provision is made for the issuance of subpœnas in certain cases therein specified, but that section does not apply to a matter arising or act to be done in an action in a court of record.  This subpœna was served upon. a person who had been directed by an order of the court to submit to an examination upon a particular subject,—not as a witness in the action.  The general provisions of the Code providing for a subpœna do not apply to such an examination.  When the justice has the person who is to be examined before him, he can compel him to produce such books and papers as are necessary for the examination; but their production should be as directed by the justice before whom the examination is had, and not be compelled by a writ whose office is to com-

pel the attendance of a witness whose evidence is necessary in an action or proceeding.

I think that the order for the examination of the defendant was clearly right, but that the plaintiff was not entitled to issue the subpœna. The order should, therefore, be modified, so as to grant the motion, so far as to vacate the subpœna, and, as so modified, affirmed, without costs. All concur.